IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| THE CONSTRUCTION INDUSTRY RETIREMENT FUND OF ROCKFORD, ILLINOIS and THE CONSTRUCTION INDUSTRY WELFARE FUND OF ROCKFORD, ILLINOIS,<br>Plaintiffs,<br><br>vs.<br><br>KASPER TRUCKING, INC., a dissolved Illinois Corporation,<br>Defendant. | District Judge:<br><br>Magistrate Judge: IAIN D. JOHNSTON<br><br>Case No. |

## COMPLAINT TO COMPEL AUDIT

Plaintiffs, The Construction Industry Retirement Fund of Rockford, Illinois, and The Construction Industry Welfare Fund of Rockford, Illinois, by their attorneys, WilliamsMcCarthy LLP, bring this Complaint against Defendant, KASPER TRUCKING, INC., a dissolved Illinois Corporation, and state as follows:

1. Jurisdiction in this cause is based upon § 301 of the Labor-Management Relations Act ("LMRA"), as amended. 29 U.S.C. § 185(a).

2. Jurisdiction in this cause is also based upon § 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended. 29 U.S.C. § 1132.

3. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2) in this District because The Construction Industry Retirement Fund of Rockford, Illinois and The Construction Industry Welfare Fund of Rockford, Illinois (collectively referred to as the "Funds") are administered in Rockford, Illinois.

4. The Funds are multi-employer benefits plans withing the meaning of ERISA. They are established and maintained pursuant to their respective Agreements and Declarations of

Trust in accordance with § 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have standing to sue pursuant to 29 U.S.C. § 1132(d)(1) and 29 U.S.C. § 185(a).

5. KASPER TRUCKING, INC. is engaged in the construction industry and doing business within this geographic area, is an industry affecting interstate commerce, and is an employer within the meaning of § 3(5) of ERISA, 29 U.S.C. § 1002(5), and § 301(a) of the LMRA. 29 U.S.C. § 185(c).

6. The NORTHWESTERN ILLINOIS CONTRACTORS ASSOCIATION AND TEAMSTER LOCAL #325 (hereinafter called the "Union") is a labor union which represents its members in negotiations and dealing with employers with respect to rates of pay, hours of work, and other conditions of employment.

7. On or about June 1, 2000, the Union and KASPER TRUCKING, INC. entered into an Agreement, including Memoranda of Agreement extending the term thereof (collectively "Agreement"), attached hereto as **Exhibit A**.

8. Under the terms of the Agreement, to which KASPER TRUCKING, INC. is bound, KAPSER TRUCKING, INC. is required to make contributions on behalf of its employees covered by the agreements for pension benefits, health and welfare benefits, apprentice, working dues and to submit monthly remittance reports in which KASPER TRUCKING, INC. identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee.

9. The Agreement provides that it incorporates all agreements between the Union and the Funds.

10. Under the terms of the Agreement and other agreements to which KASPER TRUCKING, INC., and the Union are bound (the "Agreements"), KAPSER TRUCKING, INC. is required to submit its books and records to the Funds on demand for an audit to determine benefit

contribution compliance.

11. Under the terms of the Agreements, contributions to the Funds are due on the 15th day of the month following the month hours are worked and are considered delinquent after the 25th day of the month.

12. Under the terms of the Agreements, any employer who fails to make the contributions by the 25th day of the month after the work was performed is required to pay an additional amount of ten percent (10%) in liquidated damages, along with all legal fees and costs expended to collect the unpaid contributions.

13. The Auditor for the Funds has attempted to perform an audit to determine whether KASPER TRUCKING, INC. paid proper contributions to the Funds for the period of April 1, 2013 to date, but KASPER TRUCKING, INC. failed and refused to supply all records reflecting work performed covered by the Agreements. KASPER TRUCKING, INC. continues to refuse to provide records and refuses to permit an authorized representative of the Funds to examine its records as necessary to determine whether it has made full payment of all sums owed to the Funds.

14. The Funds are advised and believe that KASPER TRUCKING, INC. failed to report and pay contributions to the Funds for work performed, in violation of the terms of the Agreements by which KAPSER TRUCKING, INC. is bound. As a direct and proximate result of KASPER TRUCKING, INC.'s failure to pay contributions, employees of KASPER TRUCKING, INC. are in jeopardy of losing their health and welfare eligibility and benefits.

15. KAPSER TRUCKING, INC.'s actions in failing to make timely reports and contributions violate § 515 of ERISA, 29 U.S.C. § 1145, and § 301 of the LMRA, 29 U.S.C. § 185.

16. KAPSER TRUCKING, INC.'s failure and refusal to provide records and to permit examination of its records as alleged herein to determine if it has met its obligations under the Agreements was at all times, and still is, willful, unjustified, and done with malicious intent.

17. The Funds are without an adequate remedy at law and will suffer continuing an irreparable injury, loss and damage unless KAPSER TRUCKING, INC. is ordered specifically to perform all obligations required on its part under ERISA, the LMRA, and the Agreements, and is restrained from continuing to refuse to perform as required thereunder.

18. This Court is authorized to issue injunctive relief based on traditional standards. As set forth above, the Funds have a strong likelihood of success on the merits, there is the possibility that the employees of KAPSER TRUCKING, INC. will suffer irreparable injuries, and the balance of hardships and advancement of public interest favor the Funds.

WHEREFORE, Plaintiffs respectfully request that this Court enter a Judgment against Defendant, KASPER TRUCKING, INC., as follows:

(a) For an order requiring KAPSER TRUCKING, INC. to provide certain records and to submit to an audit of such records by a date certain for the period of April, 2013 through the date of audit;

(b) Entering judgment in a sum certain against KASPER TRUCKING, INC. on any amount shown due and owing pursuant to the audit, including unpaid contributions, liquidated damages, interest, audit costs and attorney's fees and costs, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Section 301 of the LMRA, 29 U.S.C. § 185, and the terms of the Agreements;

(c) For an order,

    (i) requiring that KASPER TRUCKING, INC. comply with its obligations under the terms of the Agreements;

    (ii) enjoining KASPER TRUCKING, INC. from violating the terms of the Agreements and ERISA; and

    (iii) enjoining KASPER TRUCKING, INC. from disposing of any assets until said terms have been complied with, and from continuing to operate its business until said terms have been complied with;

(d) Ordering KASPER TRUCKING, INC. to remain current in payment of all contributions to the Funds; and

(e) To award Plaintiffs any further legal and equitable relief as the Court deems appropriate.

    THE CONSTRUCTION INDUSTRY WELFARE FUND OF ROCKFORD, ILLINOIS; THE CONSTRUCTION INDUSTRY RETIREMENT FUND OF ROCKFORD, ILLINOIS, Plaintiffs,
    By: WILLIAMSMCCARTHY, LLP

    By: /s/Troy E. Haggestad
          Troy E. Haggestad

Troy E. Haggestad, Esq. (#06229384)
WILLIAMSMcCARTHY, LLP
120 West State Street, Suite 400
P.O. Box 219
Rockford, IL 61105-0219
815/987-8900
E-mail: thaggestad@wilmac.com